UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| VICTORIA BROWN, | ) | |
| --- | --- | --- |
| | ) | Case No. 1:18CV1272 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | MAGISTRATE JUDGE DAVID A. RUIZ |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | MEMORANDUM AND ORDER |

Plaintiff Victoria Brown ("Brown" or "claimant") challenges the final decision of Defendant Commissioner of Social Security ("Commissioner") denying her application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. §§ 416(i), 423, 1381 *et seq*. ("Act"). This court has jurisdiction pursuant to 42 U.S.C. § 405(g). The issue before the court is whether the final decision of the Commissioner is supported by substantial evidence and, therefore, conclusive. The court finds that substantial evidence supports the Commissioner's final decision and it is affirmed.

I. PROCEDURAL HISTORY

On August 25, 2015, Brown filed an application for SSI benefits, alleging disability beginning January 1, 2000. (R. 8, Transcript ("tr."), at 38, 355-358, 375-384.) Brown's application was denied initially and upon reconsideration. *Id.* at 259-267, 268-276, 277-279. Thereafter, Brown filed a request for a hearing before an administrative law judge ("ALJ"). *Id.* at 292-293.

The ALJ held the hearing on June 7, 2017. (R. 8, tr., at 213-241.) Brown appeared at the hearing, was represented by counsel, and testified. (*Id.* at 215-216, 218-236.) A vocational expert ("VE") attended the hearing via telephone and provided testimony. (*Id.* at 216, 236-240.) On November 22, 2017, the ALJ issued her decision, applying the standard five-step sequential analysis to determine whether Brown was disabled. (R. 8, tr., at 38-46; *see generally* 20 C.F.R. § 416.920(a).) The ALJ concluded Brown was not disabled. *Id.* at 46.

The ALJ's decision noted a prior decision dated May 18, 2015, that denied Brown's November 2012 application for SSI. (R. 8, tr., at 38, 42; *see generally* tr., at 245-254.) The ALJ stated that she had thoroughly considered the Sixth Circuit's decision in *Drummond v. Commissioner*, 126 F.3d 837 (6th Cir. 1997), which concluded that an RFC from a prior ALJ decision "may not be changed in a subsequent decision unless new and additional evidence or changed circumstances provided a basis for a different finding." *Id.* at 38.

The Appeals Council denied Brown's request for review, thereby rendering the ALJ's decision the final decision of the Commissioner. (R. 8, tr., at 1-4.) Brown seeks judicial review of that decision pursuant to 42 U.S.C. § 405(g). The parties have completed briefing. Brown contends that the AJ committed error by finding that the plaintiff's stroke did not pose any significant limitations to her residual functional capacity and by applying *Drummond* to incorporate the findings regarding the plaintiff's functional limitations from the prior ALJ's decision. Brown further asserts that new and material evidence warrants remand. (R. 12, PageID #: 796.)

## II. PERSONAL BACKGROUND INFORMATION

Brown was born in 1969, and was 46 years old, which is defined as a younger individual age 18-49, on the date she filed the application. (R. 8, tr., at 44, 219, 375.) She has at least a high school education and can communicate in English. (R. 8, tr., at 44, 219, 378, 380.) Brown has no past relevant work. (R. 8, tr., at 44.)

## III. RELEVANT MEDICAL EVIDENCE[1]

Disputed issues will be discussed as they arise in Brown's brief alleging the ALJ committed error. As noted earlier, Brown applied for SSI benefits on August 25, 2015, claiming disability beginning January 1, 2000. (R. 8, tr., at 38, 355-358.) She listed her physical or mental conditions that limit her ability to work as: "blood clots in left leg, hbp [high blood pressure]." *Id.* at 379.

State agency consulting physician Stephen Sutherland, M.D., completed a "Physical Residual Functional Capacity Assessment" on November 18, 2015. (R. 8, tr., at 263-265.) Dr. Sutherland determined Brown was capable of light work—as defined in 20 CFR 416.967(b), which is, lifting no more than 20 pounds at a time, with frequent lifting of up to 10 pounds—with the ability to stand or walk two hours and to sit for about six hours, during an eight-hour workday. *Id.* at 264. Brown is limited in her ability to push or pull with her legs, occasionally using pedals to do so. *Id.* Dr. Sutherland opined that Brown can occasionally climb ramps or

---

[1] The summary of relevant medical evidence is not intended to be exhaustive. It includes only those portions of the record cited by the parties and also deemed relevant by the court to the assignments of error raised.

stairs; can never climb ladders, ropes, or scaffolds; and can frequently balance, stoop, kneel, crouch, or crawl. *Id.* Brown should have no exposure to hazards. *Id.* at 265.

On reconsideration dated January 26, 2016, state agency reviewing physician William Bolz, M.D., determined Brown could perform light work, with the ability to stand or walk about six hours and to sit for six hours, during an eight-hour workday. (R. 8, tr., at 271-273.) Dr. Bolz was in complete accord with Dr. Sutherland's RFC assessment. *Id.* Dr. Bolz also noted that the RFC given was "an adoption of the ALJ decision dated 5/18/2015. The RFC is being adopted under the AR98-4 (*Drummond* Ruling)."

There is no dispute between the parties concerning the medically determinable impairments that the ALJ identified, which include peripheral vascular (arterial) disease, chronic renal failure, hypertension, obesity, chronic venous insufficiency, and osteoarthritis. *See generally* R. 9, tr., at 41; R. 12, PageID #: 798-800 (discussing record medical evidence); R. 14, PageID #: 817-818. The impact of Brown's stroke is the main disputed issue.

Brown was admitted to Marymount Hospital on April 18, 2017, complaining of speech difficulties. An MRI showed she had suffered a stroke. (R. 8, tr., at 721, 718.) A follow-up physical examination on April 19, 2017, by A. Romeo Craciun, M.D., included neurological findings that Brown was alert, oriented to time, place, and person, and had a normal gait. (R. 8, tr., at 738.) Brown's face was symmetrical, and the motor system exam revealed "full strength, symmetric, equal bilateral." *Id.* She was discharged in stable condition on April 21. *Id.* at 744.

On June 23, 2017, after the hearing occurred,[2] Lisa Echeverry, CNP, completed a "Medical Assessment of Ability to do Work-Related Activities (Physical)," along with a "Medical Assessment – Effect of Pain/Medication." (R. 8, tr., at 195-200.) Nurse Echeverry indicated that Brown was capable of working zero hours per day. *Id.* at 195. Standing, walking, and sitting were affected by her impairments, such that she was not able to stand or walk at all during the workday, and she was only capable of sitting for one hour total during an 8-hour workday. *Id.* at 195-196. The nurse noted that Brown had suffered a stroke in April, required a wheeled walker to ambulate, and could stand no longer than five minutes without stopping to rest. *Id.* at 195. In addition, the nurse opined that Brown experienced pain in her legs and back when sitting for long periods.

Nurse Echeverry also indicated that Brown's impairments were so severe that she could not lift any weight, even occasionally. (R. 8, tr., at 196.) Although the nurse indicated that Brown could occasionally balance, she also indicated residual weakness from Brown's stroke prevented her from ever climbing, stooping, crouching, kneeling, or crawling. *Id.* For the same reason, Brown could never push or pull, and only occasionally reach, handle, or finger. *Id.* at 197. Nurse Echeverry opined that Brown's impairments restricted her from heights, moving machinery, temperature extremes, chemicals, dust, noise, fumes, humidity, and vibrations, all of which can exacerbate symptoms of MS. *Id.* The nurse indicated that she had been treating Brown for three years, and the conditions addressed in the assessment had existed for two

---

[2] The ALJ held the hearing on June 7, 2017. (R. 8, tr., at 213, 215.) Counsel for Brown did not indicate at any point during the hearing that additional evidence was going to be provided for the ALJ's consideration. *See, e.g., id.* at 216, 217-218, 240.

months. *Id.* at 198. Nurse Echeverry found that Brown had no limitations on her ability to maintain attention and concentration. *Id.* at 199-200.

IV. ALJ's DECISION

The ALJ made the following findings of fact and conclusions of law in the November 16, 2017, decision:

> 1. The claimant has not engaged in substantial gainful activity since August 25, 2015, the application date (20 CFR 416.971 *et seq.*).
>
> 2. The claimant has the following severe impairments: peripheral vascular (arterial) disease, chronic renal failure, essential hypertension, obesity, chronic venous insufficiency (DVT), and osteoarthritis (20 CFR 416.920(c)).
>
> 3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925, and 416.926).
>
> 4. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a range of sedentary work as defined in 20 CFR 416.967(b). The claimant can occasionally lift, carry, push, and pull 20 pounds occasionally and 10 pounds frequently. The claimant is able to stand and walk for two hours total out of an eight-hour workday. She can sit for six hours total in an eight-hour workday. Her ability to push and pull is limited in both lower extremities to occasional pedal controls in the bilateral lower extremities. She can occasionally climb ramps and stairs, but never climb ladders, ropes, or scaffolds. She can frequently balance, stoop, kneel, crouch, and crawl.
>
> 5. The claimant has no past relevant work (20 CFR 416.965).
>
> 6. The claimant was born on *** 1969, and was 46 years old, which is defined as a younger individual age 18-49, on the date the application was filed (20 CFR 416.963).
>
> 7. The claimant has at least a high school education and is able to communicate in English (20 CFR 416.964).

8. Transferability of job skills is not an issue because the claimant does not have past relevant work (20 CFR 416.968).

9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969, and 416.969(a)).

10. The claimant has not been under a disability, as defined in the Social Security Act, since August 25, 2015, the date the application was filed (20 CFR 416.920(g)).

(R. 8, tr., at 40, 41, 44, 45, 46.)

## V. DISABILITY STANDARD

A claimant is entitled to receive SSI benefits only when she establishes disability within the meaning of the Social Security Act. *See* 42 U.S.C. §§ 423, 1381. A claimant is considered disabled when she cannot perform "substantial gainful employment by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve (12) months." 20 C.F.R. § 416.905(a).

Social Security Administration regulations require an ALJ to follow a five-step sequential analysis in making a disability determination. *See* 20 C.F.R. § 416.920(a); *Heston v. Commissioner of Social Security*, 245 F.3d 528, 534 (6th Cir. 2001). The Sixth Circuit has outlined the five steps as follows:

> First, the claimant must demonstrate that he has not engaged in substantial gainful activity during the period of disability. 20 C.F.R. § 404.1520(a)(4)(i). Second, the claimant must show that he suffers from a severe medically determinable physical or mental impairment. *Id.* §404.1520(a)(4)(ii). Third, if the claimant shows that his impairment meets or medically equals one of the impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1, he is deemed disabled. *Id.* §404.1520(a)(4)(iii). Fourth, the ALJ determines whether, based

on the claimant's residual functional capacity, the claimant can perform his past relevant work, in which case the claimant is not disabled. *Id.* § 404.1520(a)(4)(iv). Fifth, the ALJ determines whether, based on the claimant's residual functional capacity, as well as his age, education, and work experience, the claimant can make an adjustment to other work, in which case the claimant is not disabled. *Id.* §404.1520(a)(4)(v).

The claimant bears the burden of proof during the first four steps, but the burden shifts to the Commissioner at step five. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997).

*Wilson v. Commissioner of Social Security*, 378 F.3d 541, 548 (6th Cir. 2004); *see also* 20 C.F.R. § 416.920(a)(4).

## VI. STANDARD OF REVIEW

Judicial review of the Commissioner's benefits decision is limited to determining whether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence. *Blakley v. Commissioner of Social Security*, 581 F.3d 399, 405 (6th Cir. 2009); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "Substantial evidence" has been defined as more than a scintilla of evidence, but less than a preponderance of the evidence. *Wright v. Massanari*, 321 F.3d 611, 614 (6th Cir. 2003); *Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 535 (6th Cir. 1981). Thus, if the record evidence is of such a nature that a reasonable mind might accept it as adequate support for the Commissioner's final benefits determination, then that determination must be affirmed. *Wright*, 321 F.3d at 614; *Kirk*, 667 F.2d at 535.

The Commissioner's determination must stand if supported by substantial evidence, regardless of whether this court would resolve the issues of fact in dispute differently, or substantial evidence also supports the opposite conclusion. *Bass v. McMahon*, 499 F.3d 506,

509 (6th Cir. 2007); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986). This court may not try the case *de novo*, resolve conflicts in the evidence, or decide questions of credibility. *Wright*, 321 F.3d at 614; *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). The court, however, may examine all the evidence in the record, regardless of whether such evidence was cited in the Commissioner's final decision. *See Walker v. Sec'y of Health & Human Servs.*, 884 F.2d 241, 245 (6th Cir. 1989); *Hubbard v. Commissioner*, No. 11-11140, 2012 WL 883612, at *5 (E.D. Mich Feb. 27, 2012) (quoting *Heston*, 245 F.3d at 535).

## VII. ANALYSIS

Brown presents the following legal issues for the court's review:

1. Whether the ALJ erred by finding that the plaintiff's acute stroke did not pose any significant limitations to her residual functional capacity.

2. Whether the ALJ erred in applying Drummond by incorporating the findings regarding the plaintiff's functional limitations from the prior ALJ's decision.

3. Whether new and material evidence warrants remand.

(R. 12, PageID #: 796.)

### A. Limitations from Stroke

Brown argues that the ALJ erred by finding that her acute stroke did not pose any significant limitations to her residual functional capacity. (R. 12, PageID #: 796, 804-807.) She contends that the ALJ failed meet the duty to fully develop the record. *Id.* at 804. The record before the ALJ was deficient, according to Brown, because it contained no treatment records from her primary care physician, nor did it contain records from her post-stroke specialty care.

*Id.* at 805-806. Brown contends that, with a full development of the record, the ALJ would have found that her impairments precluded the performance of work activity. *Id.* at 806.

> The ALJ addressed Brown's stroke as follows:
>
> In April 18, 2017, the claimant was admitted to the hospital for further evaluation after she reportedly started noticing increasingly fluctuating dysarthia. An MRI of the brain revealed findings consistent with an acute stroke. She was administered medication along with IV fluids. The next day her slurred speech had resolved. Neurologically, she was fully oriented, with normal gait and full motor strength throughout. She was subsequently discharged on April 21, 2017, in stable condition. Since then, the record is not significant for any residual symptoms or limitations related to the claimant's stroke. Moreover, there is no evidence of any follow up treatment or therapy. Based on this information, the claimant's acute stroke is nonsevere, as it fails to meet the durational requirements of this program.

(R. 8, tr., at 41, internal citations omitted.)

At the second step of the disability analysis, the claimant has the burden to show that she suffers from a severe medically determinable physical or mental impairment. *Wilson*, 378 F.3d at 548 (citing 20 C.F.R. § 404.1520(a)(4)(ii)). A severe impairment is one that "significantly limits your physical or mental ability to do basic work activities." 20 C.F.R. § 416.920(c). The duration requirement for finding a severe impairment requires that "it must have lasted or must be expected to last for a continuous period of at least 12 months." 20 C.F.R. § 416.909.

It is well established, in the Sixth Circuit, that the claimant—not the ALJ—has the burden to produce evidence in support of her disability claim.[3] *Hall v. Sec'y of HHS*, 869 F.2d 1490, 1989 WL 16855, at *2 (6th Cir. 1989) (TABLE, text in WESTLAW); *Landsaw v. Sec'y of HHS*, 803 F.2d 211, 214 (6th Cir. 1986) (citing 20 C.F.R. §§ 416.912, 416.913(d)); *Kafantaris v.*

---

[3] Brown was represented by counsel, thus *Lashley v. Sec'y of HHS*, cited by claimant, is inapposite. *See* R. 12, PageID #: 805, citing *Lashley v. Sec'y of HHS*, 708 F.2d 1048, 1051 (6th Cir. 1983) (discussing ALJ's special duty where claimant appeared without counsel).

10

*Berryhill*, No. 1:17CV568, 2018 WL 1157762, at *23 (N.D. Ohio Feb. 2, 2018), *adopted by*, 2018 WL 1122123 (N.D. Ohio Mar. 1, 2018) (citing cases); *Tackett v. Astrue*, No. CIV.A. 07-128, 2008 WL 821894, at *5 (E.D. Ky. Mar. 26, 2008); 20 C.F.R. § 416.912(a)(1) (claimant must prove she is disabled); *see also Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003) (citing 20 C.F.R. § 416.912); *D'Amato v. Astrue*, 538 F. Supp. 2d 730, 736 (D. Del. 2008); *Schwartz v. Halter*, 134 F. Supp. 2d 640, 656 (E.D. Pa. 2001) (citing *Hess v. Sec'y of HEW*, 497 F.2d 837, 841 (3d Cir. 1974) (ALJ does not have duty to search for all of the relevant evidence available, because such a requirement would shift burden of proof)).

Although the ALJ has "a basic duty to develop a full and fair record," the ALJ is not bound to develop the medical record for a period post-dating the claimant's application for SSI. *See, e.g.*, *Ellison*, 355 F.3d at 1276 (citing 20 C.F.R. § 416.912). Brown filed her application for SSI on August 25, 2015 (R. 8, tr., at 38, 355-358), thus the ALJ was required to develop Brown's medical history for the 12 months prior to August 2015. *See, e.g.*, *Ellison*, 355 F.3d at 1276; *Tackett*, 2008 WL 821894, at *5; 20 C.F.R. § 416.912(b)(1) ("...we will develop your complete medical history for at least the 12 months preceding the month in which you file your application.... We will make every reasonable effort to help you get medical evidence from your own medical sources and entities that maintain your medical sources' evidence when you give us permission to request the reports."). Nevertheless, the ultimate burden to produce evidence of disability remains claimant's. *Wilson*, 378 F.3d at 548; *Hall*, 1989 WL 16855, at *2; *Landsaw*, 803 F.2d at 214; *Kafantaris*, 2018 WL 1157762, at *23; *Tackett*, 2008 WL 821894, at *5.

At Step Two, the ALJ determined that Brown has the following severe impairments: peripheral vascular (arterial) disease, chronic renal failure, essential hypertension, obesity,

11

chronic venous insufficiency (DVT), and osteoarthritis. (R. 8, tr., at 41.) Once the ALJ determines that a claimant has at least one severe impairment, the ALJ considers all impairments, severe and non-severe, in the remaining steps. *Pompa v. Commissioner*, No. 02-2335, 2003 WL 21949797, at *1 (6th Cir. Aug. 11, 2003). A failure to find an allegedly severe impairment may not constitute reversible error where the ALJ determines that a claimant has other severe impairments and continues with the remaining steps of the disability evaluation. *Winn v. Commissioner*, No. 14-3499, 2015 WL 3702032, at *10 (6th Cir. June 15, 2015) (citing *Maziarz v. Secretary, HHS*, 837 F.2d 240, 244 (6th Cir. 1987)); *Fisk v. Astrue*, No. 06-4677, 2007 WL 3325869, at *4 (6th Cir. Nov. 9, 2007). Because the ALJ found that Brown had severe impairments at step two, "whether the ALJ characterized any other alleged impairment as severe or not severe is of little consequence." *Pompa*, 2003 WL 21949797, at *1.

    The ALJ found that Brown's stroke is nonsevere, because it did not meet the durational requirements. (R. 8, tr., at 41.) Brown argues that a fuller consideration, and expansion, of the record would have established that her stroke-related limitations support a conclusion that she was unable to perform work-related activities. (R. 12, PageID #: 806.) Brown, however, points to no evidence that would establish the necessary durational requirement. Even the post-hearing evidence that Brown argues supports her stroke-related limitations does not address the 12-month durational requirement. *See generally id.* at 806, citing R. 8, tr., at 195-198. Nurse Echeverry opined that Brown's conditions addressed in the assessment had existed for two months; she did not state that they have lasted or would be expected to last "for a continuous period of at least 12 months." (R. 8, tr., at 198; *see generally* 20 C.F.R. § 416.909.)

In addition, the ALJ's decision did not stop at Step Two of the disability analysis, but continued through the remaining steps and provided a thorough analysis of the medical record when assessing her residual functional capacity. (R. 8, tr., at 41-44; *see generally Fisk*, 2007 WL 3325869, at *4; *Maziarz*, 837 F.2d at 244.) When an ALJ considers all of a claimant's impairments in the remaining steps of the disability determination, an ALJ's failure to find additional severe impairments at step two does not constitute reversible error. *Nejat v. Commissioner*, No. 09-5193, 2009 WL 4981686, at *2-*3 (6th Cir. Dec. 22, 2009) (citing *Maziarz*, 837 F.2d at 244). The court finds that the ALJ properly considered all of claimant's impairments when assessing her residual functional capacity. (R. 8, tr., at 41-44; *see generally Fisk*, 2007 WL 3325869, at *4; *Maziarz*, 837 F.2d at 244.) The court finds that the ALJ's determination that Brown's stroke was not a severe impairment is supported by substantial evidence.

## B. *Drummond* Decision

Brown argues that the ALJ erred in applying *Drummond* by incorporating the findings regarding her functional limitations from the prior ALJ's decision. (R. 12, PageID #: 796, 807-809.) She contends that new and material evidence in the record demonstrates that her hypertension and post-stroke conditions should have resulted in greater limitations than those identified in the previous ALJ decision. *Id.* at 807, 809. Brown points to her hearing testimony and the opinion of Nurse Echeverry in support. *Id.* at 809.

Here, the ALJ's decision stated that she had "thoroughly considered" the decision in *Drummond v. Commissioner*, 126 F.3d 837 (6th Cir. 1997), which concluded that an RFC from a prior ALJ decision "may not be changed in a subsequent decision unless new and additional

13

evidence or changed circumstances provided a basis for a different finding," as well as *Dennard v. Secretary, HHS*, 907 F.2d 598 (6th Cir. 1990). (R. 8, tr., at 38, 42.) The ALJ's decision, when addressing the prior decision, concluded:

> While I recognize that the record contains new and additional medical evidence, that new evidence does not provide a basis for a different finding regarding the claimant's functional limitations. Therefore, I have incorporated the findings regarding the claimant's functional limitations from the May 18, 2015, unfavorable decision into the present decision for the reasons discussed below.

(R. 8, tr., at 42; *see generally* tr., at 245-254 (prior decision).)

The Sixth Circuit's *Drummond* decision held that the doctrine of res judicata[4] applies in administrative proceedings, both to the claimant and to the Commissioner, stating that "[t]he burden is . . . to prove changed circumstances and therefore escape the principles of res judicata." *Drummond*, 126 F.3d at 843. Social Security Acquiescence Ruling ("AR") 98-4(6) was published shortly thereafter, requiring adjudicators in this circuit, when adjudicating a subsequent disability claim, to adopt the RFC finding by the ALJ in the previous claim "unless there is new and material evidence relating to such a finding," or there has been a change in the law. SSAR 98-4(6), 63 Fed. Reg. 29771, 29773 (June 1, 1998).

As both parties acknowledge, the Sixth Circuit refined jurisprudence on this issue in *Earley v. Commissioner*, 893 F.3d 929 (6th Cir. 2018). The court first clarified that the key principles in *Drummond*—"consistency between proceedings and finality with respect to resolved applications"—apply to both individual claimants and the government. *Earley*, 893

---

[4] "Res judicata is a common-law concept which prescribes that 'a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.'" *Drummond*, 126 F.3d at 840 (quoting *Allen v. McCurry*, 449 U.S. 90, 94 (1980)).

F.3d at 930-931. In addition, the court clarified that the *Drummond* principles "do not prevent the agency from giving a fresh look to a new application containing new evidence or satisfying a new regulatory threshold that covers a new period of alleged disability while being mindful of past rulings and the record in prior proceedings." *Id.* at 931; *see also Arendt v. Commissioner*, No. 1:18CV484, 2019 WL 1058263, at *7 (N.D. Ohio Mar. 6, 2019). The *Earley* court pointed out that when a claimant seeks disability benefits through an application for a new period of time, that new application is entitled to review. *Id.* at 933; *see also Arendt*, 2019 WL 1058263, at *8. Moreover, the first ALJ's findings may be considered "a legitimate, albeit not binding, consideration in reviewing a second application." *Teasley v. Commissioner*, No. 2:18CV1079, 2019 WL 2559514, at *5 (S.D. Ohio June 21, 2019) (quoting *Earley*, 893 F.3d at 933).

The ALJ's 2017 decision in this case pre-dates the 2018 *Earley* decision. In such a circumstance, the court must determine whether there is substantial evidence that the ALJ performed a fresh review of any new and material evidence post-dating the earlier May 2015 decision. *See, e.g., Thomas v. Commissioner*, No. 2:18CV108, 2019 WL 642679, at *13 (S.D. Ohio Feb. 15, 2019), *adopted by*, 2019 WL 2414675 (S.D. Ohio June 7, 2019) (citing cases). Brown argues, as noted above, that new and material evidence demonstrates her hypertension and post-stroke conditions should result in greater limitations than those identified in the previous ALJ decision. (R. 12, PageID #: 807, 809.)

1. Hypertension

The ALJ addressed claimant's hypertension as follows:

[Brown] also has a significant history of uncontrolled hypertension (Exhibits B1F; B4F/82). Prior evidence shows that the claimant has been admitted to the hospital due to a hypertensive episode back in September 2014; however, she was found to be noncompliant with taking her medication as prescribed at that time (Exhibit

15

> B1F/32). While the record documents intermittent complaints of headaches, lightheadedness, and dizziness, physical examinations have consistently shown a normal heart rate and rhythm with normal pulses and no murmurs. (Exhibits B3F/16, 18; B4F/80; B5F/30). In April 2017, the claimant underwent an echocardiogram, which was grossly normal with a noted ejection fraction of 60%. There was mild regurgitation noted; however, the examining physician assessed that there was no significant valve disease (Exhibit B5F/28).

(R. 8, tr., at 43.) It is clear that the ALJ considered numerous medical records post-dating the May 2015 decision (*e.g.*, Exhibits 4F/82 (April 7, 2017); B3F/16, 18 (October 20, 2015); B4F/80 (April 7, 2017); B5F/30 (April 18, 2017); BF5/28 (April 18, 2017)). Because the ALJ gave a fresh look to the new evidence concerning Brown's hypertension, a remand under *Earley* is not warranted. *Thomas*, 2019 WL 642679, at *13; *Lambert v. Commissioner*, No. 1:18CV116, 2019 WL 336903, at *5 (S.D. Ohio Jan. 28, 2019), *adopted by*, 2019 WL 1125759 (S.D. Ohio Mar. 12, 2019)

2. Post-Stroke

The ALJ addressed Brown's stroke as more fully quoted in the previous section, *supra*. *See* R. 8, tr., at 41. The ALJ noted that Brown was admitted to the hospital on April 18, 2017, and discharged following her stroke "on April 21, 2017, in stable condition." *Id.* As discussed more fully above, the ALJ determined that "the claimant's acute stroke is nonsevere, as it fails to meet the durational requirements of this program." *Id.* Again, the ALJ considered medical records post-dating the May 2015 decision. Because the ALJ gave a fresh look to the new evidence concerning Brown's stroke, a remand under *Earley* is not warranted. *Thomas*, 2019 WL 642679, at *13; *Lambert*, 2019 WL 336903, at *5.

Brown complains, however, that it is unclear whether the ALJ considered Nurse Echeverry's opinion and the severe limitations contained therein. (R. 12, PageID #: 809.) That

16

issue is more fully discussed in the previous section, *supra*, and does not alter the analysis here. Moreover, Nurse Echeverry did not indicate that Brown's condition had lasted or would be expected to last "for a continuous period of at least 12 months," R. 8, tr., at 198; *see generally* 20 C.F.R. § 416.909; therefore, her opinion would not support a finding of disability. In any event, a remand under *Earley* is not warranted.

C. Sentence Six Remand

Brown's final argument contends that new and material evidence warrants remand under Sentence Six of 42 U.S.C. § 405(g). (R. 12, PageID #: 796, 810-811.) She asserts: "Although the ALJ refused to admit the evidence from Ms. Brown's nurse practitioner after the hearing, Ms. Brown maintains that this matter should be remanded for consideration of this new and material evidence (Tr. 195-199)." *Id.* at 810. Brown does not provide any evidence to support her assertion that the ALJ "refused to admit" Nurse Echeverry's opinion, although she does allege that the ALJ did not consider it. *See, e.g.*, R. 12, PageID #: 802.

Brown's arguments invoke the court's consideration of 42 U.S.C. § 405(g), which provides:

> The court ... may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding.

*Id.* The party seeking remand bears the burden of showing that a remand is proper under Section 405. *Sizemore v. Sec'y of HHS*, 865 F.2d 709, 711 (6th Cir. 1988); *Oliver*, 804 F.2d at 966. A reviewing court may remand in this context only if the party seeking such remand shows that (1) the additional evidence is new and material, and (2) that she had good cause for her failure to

17

incorporate it into the record during the administrative proceeding. *Oliver v. Secretary, HHS*, 804 F.2d 964, 966 (6th Cir. 1986).

Courts have made clear that remand is warranted for consideration of new evidence only when the evidence is material. *Hamilton v. Astrue*, No. 1:09CV260, 2010 WL 1032646, at *5 (N.D. Ohio Mar. 17, 2010) (citing *Oliver*, 804 F.2d at 966). "Evidence is material when it concerns the claimant's condition prior to the ALJ's decision and there is a reasonable probability that the ALJ would have reached a different decision if the evidence had been presented." *Langford v. Astrue*, No. 1:09CV1629, 2010 WL 3069571, at *5 (N.D. Ohio Aug. 3, 2010) (citing cases); *see also Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001) (quoting *Sizemore*, 865 F.2d at 711); *Hamilton*, 2010 WL 1032646, at *5.

Brown must demonstrate that there is a reasonable probability that the Commissioner would have reached a different disposition of her claim if presented with the new evidence. *Foster*, 279 F.3d at 357 (citing *Sizemore*, 865 F.2d at 711); *Hamilton*, 2010 WL 1032646, at *5. The "new" evidence cited by Brown (R. 12, PageID #: 810-811, referencing the June 23, 2017 assessment from Nurse Echeverry) would not change the ALJ's decision that concluded "the claimant's acute stroke is nonsevere, as it fails to meet the durational requirements of this program." *See* R. 8, tr., at 41. The new evidence that Brown argues supports her stroke-related limitations does not address the 12-month durational requirement; Nurse Echeverry opined that Brown's conditions had existed for two months; and, she did not state that they had lasted or would be expected to last "for a continuous period of at least 12 months." (R. 8, tr., at 198; *see generally* 20 C.F.R. § 416.909.) Thus, the additional medical evidence is not material to the

ALJ's decision that claimant's stroke is nonsevere because it fails to meet the durational requirements. *See, e.g.*, *Oliver*, 804 F.2d at 966.

In addition, Brown has not shown good cause for her failure to incorporate this evidence into the record during the administrative proceeding. *See Oliver*, 804 F.2d at 966. "A claimant shows 'good cause' by demonstrating a reasonable justification for the failure to acquire and present the evidence for inclusion in the hearing before the ALJ." *Foster*, 279 F.3d at 357 (citing *Willis v. Sec'y of HHS*, 727 F.2d 551, 554 (1984) (per curiam)). Brown argues that the June 23, 2017, opinion was not in existence at the time of the June 7, 2017, hearing and therefore could not have been submitted at the hearing. (R. 12, PageID #: 811.)

Brown, however, does not provide reasonable justification for not acquiring and presenting the evidence and does she explain why a form that was completed on June 23 could not have been completed several weeks earlier, in time for the hearing on June 7. (R. 8, tr., at 213, 215.) Further, Brown and her counsel did not indicate during the hearing that additional evidence was going to be provided for the ALJ's consideration. *See, e.g.*, *id.* at 216, 217-218, 240. The transcript of the hearing indicates that neither claimant nor counsel requested that the record remain open until other evidence could be made a part of the record, "which suggests that Plaintiff considered the evidence before the ALJ complete and sufficient to support her claim." *Dunlap v. Astrue*, No. 3:10-CV-2364, 2011 WL 5037231, at *11 (N.D. Ohio Oct. 24, 2011).

The court finds that a remand under sentence six is not warranted.

VIII. CONCLUSION

For the foregoing reasons, the Commissioner's final decision is affirmed.

s/ David A. Ruiz
David A. Ruiz
United States Magistrate Judge

Date: September 17, 2019